*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BALICE, | : |
| Plaintiffs, | : Civil Action No. 17-13601(FLW) |
| v. | : |
| | : OPINION |
| UNITED STATES OF AMERICA, MICHAEL MACGILLIVRAY, KEVIN MCNULTY, JEFF SESSIONS, AND VALERIE CATANZARO, | : |
| Defendants. | : |

**WOLFSON, United States District Judge:**

Pending before the Court are two separate motions to dismiss filed by i) defendants the United States of America (the "Government") and IRS agents Michael MacGillivray and Valerie Catanzaro; and ii) defendant Attorney General Jeffrey Sessions (collectively, the "Moving Defendants"). *Pro se* Plaintiff Michael Balice ("Balice" or "Plaintiff") instituted this suit against the Moving Defendants, as well as Hon. Kevin McNulty, U.S.D.J. (together with the Moving Defendants, "Defendants"),[1] accusing them of violating his constitutional rights in connection with a federal tax collection action. In their motions, the Moving Defendants maintain that this Court lacks subject matter jurisdiction based on sovereign immunity. In addition, they move to dismiss on the basis that Plaintiff fails to state a claim. For the following reasons, the Moving Defendants' motions to dismiss are **GRANTED** and Plaintiff's Complaint is **DISMISSED**.[2]

---

[1] For the reasons below, the Court *sua sponte* dismisses claims against Judge McNulty.
[2] This matter was removed by Defendants after Plaintiff brought this suit in state court. Plaintiff has requested for remand. In that regard, Plaintiff argues that this Court does not have the

1

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's § 1983-related claims arise out of a pending tax action against Plaintiff in the United States District Court for the District of New Jersey, in which the United States (the "Government") seeks to collect a tax assessment and subject Plaintiff to tax liens on real property owned by Plaintiff. That tax action is still pending. *See United States v. Balice, et al.*, Civ. Action No.: 14-3937.

In response to that Tax Action, Plaintiff filed the instant Complaint against Defendants on December 12, 2017, in the Superior Court of Middlesex County New Jersey. Plaintiff alleges in the Complaint that Defendants violated Plaintiff's unspecified rights under both the federal and New Jersey constitutions. Compl., ¶ 3. Significantly, it appears that Plaintiff is suing Defendants in their official capacity, as Plaintiff addresses individual defendants in the Complaint under their official titles; indeed, nowhere does Plaintiff allege that Defendants acted in their individual capacity.

While the Complaint asserts a host of claims under the U.S. Constitution, I note at the outset that Plaintiff's theories of liability against Defendants are difficult to comprehend. First,

---

requisite subject matter jurisdiction to hear the alleged constitutional violations by federal defendants. Compl., ¶ 6. Plaintiff's argument is wholly without merit. Pursuant to 28 U.S.C. § 1442(a)(1),

> a civil action . . . that is commenced in a State Court and that is against or directed to [ the United States or any agency thereof or any officer . . . of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . .] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending.

28 U.S.C. §1442(a)(1). Because Defendants, here, are the United States and its federal officers, they are permitted under § 1442(a)(1) to remove this case from state court. Thus, Plaintiff's motion for remand is denied without further consideration.

Plaintiff alleges that Defendants violated Plaintiffs' constitutional rights through imposing and enforcement of a "direct tax or federal taxation" of income. *Id.* at ¶ 9. Plaintiff also alleges that Defendants – by attempting to take "Plaintiff's constitutionally protected private property and family home under color of office and color of all" have engaged in an illegal conspiracy. *Id.* at ¶ 10. Plaintiff asserts that the enforcement of the Tax Action– which Plaintiff believes to be unconstitutional– without review from the judiciary or trial by jury violated his right to due process. *Id.* at ¶ 11.

Plaintiff also alleges that Defendants violated Plaintiff's rights under the New Jersey Constitution. Plaintiff alleges that "the named Defendants, by fraudulently manufacturing claims for a direct unapportioned tax on income, under a falsely alleged (and constitutionally unenforceable) authority of the 16th Amendment to enforce the payment of a direct unapportioned, disproportionately imposed, tax of income upon the plaintiff . . . have violated the New Jersey constitutional rights of the Plaintiff . . . ." *Id.* at ¶ 7. However, Plaintiff does not specify which rights under the New Jersey Constitution are being violated. Plaintiff further alleges that Defendants used computer fraud in order to facilitate the Tax Action. *Id.* at ¶ 9. Moreover, Plaintiff avers that "by refusing to allow . . . production of evidence at federal trial of the Plaintiff . . . all the named Defendants have violated the New Jersey constitutional rights of the Plaintiff to legal due process and trial by jury before property is taken in the name of tax." *Id.* at ¶ 11. In that regard, Plaintiff alleges that his right to "acquire, possess, and protect" and "defend" his private property have been violated by the Tax Action. *Id*. Finally, Plaintiff alleges that Defendants– under color of office and color of law– have engaged in a conspiracy to violate the Plaintiff's constitutional rights under the New Jersey Constitution and "complete the conspiratorial taking

under color of law and color of office of the private property of the Plaintiff, in the name of tax only." *Id.* at ¶ 14.

On December 12, 2017, Defendants removed this case from state court pursuant to 28 U.S.C. §1442(a)(1). Thereafter, the Moving Defendants filed the instant motions to dismiss, *inter alia*, pursuant to Federal Rule of Civil Procedure 12(b)(1) based on lack of subject matter jurisdiction, arguing that they are entitled to sovereign immunity. Since the inception of this case, Plaintiff has filed multiple motions,[3] all of which are mooted because, for the reasons below, Defendants are entitled to immunity.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Because subject matter jurisdiction is required for a district court to reach the merits of a claim, "the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Bishop v. Department of Homeland Sec.*, No. 14-5244, 2015 WL 2125782, at * 2 (D.N.J. May 6, 2015). Unlike a Rule 12(b)(6) motion, there is no presumption of truth attached to the allegations in the complaint when determining the court's subject matter jurisdiction. *See id.; see also Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F. 2d 884, 891 (3d Cir. 1977).

---

[3] In addition to moving for remand, Plaintiff also filed the following motions and requests: Motion for Miscellaneous Relief (ECF 10), Motion for Miscellaneous Relief (ECF 12), Response (ECF 13), Motion for Miscellaneous Relief (ECF 16), Motion to Strike (ECF 20), Motion to Strike (ECF 21), Motion to Strike (ECF 23), Response (ECF 24). Because the Court finds that Defendants are entitled to immunity, all of Plaintiff's filings are rendered moot. *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)(finding that once the court lacks subject matter jurisdiction, all other objections become moot).

A Rule 12(b)(1) motion to dismiss is treated as either a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Electronics, Inc. v. United States*, 220 F. 3d 169, 176 (3d Cir. 2000). A facial attack, such as in this case, "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because . . . it does not present a question of federal law . . .". *Constitution Party of Pennsylvania v. Aichele*, 757 F. 3d 347, 358 (3d Cir. 2014). In that regard, the court views only the allegations in the pleadings in the light most favorable to the plaintiff. *U.S. ex Rel. Atkinson v. PA. Shipbuilding Co.*, 473 F. 3d 506, 509 (3d Cir. 2007).

The Moving Defendants also move to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6). Rule 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the Court accepts well-pleaded allegations contained in the Complaint as true, viewing the allegations in the light most favorable to the Plaintiff. *Letherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). For a plaintiff to survive a Rule 12(b)(6) motion, a plaintiff is obligated to provide factual allegations that are sufficient to raise a right to relief above the speculation that all of the allegations in the complaint are true and that are facially plausible on their face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 1959 (2007). A complaint is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "sheer possibility that the defendant has acted unlawfully" will not satisfy the plausibility requirement. *Id.* (quoting *Twombly*, 550 U.S. 544 at 127). A complaint cannot simple state legal conclusions or recite elements of a cause of actions in order to be sufficient. *See Twombly*, 550 U.S. at 555.

Additionally, it is well recognized that the pleading standards required by *pro se* plaintiffs in a complaint are less stringent than the formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 596 (1972). Therefore, "[c]ourts are to construe complaints so "as to do substantial justice," Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally. *Alston v. Parker*, 363 F. 3d 229, 234 (3d Cir. 2004) (quoting *Dluhos v. Strasberg*, 321 F. 3d 365,369 (3d Cir. 2003)).

## III.  DISCUSSION

### A.  Sovereign Immunity[4]

At the outset, while Plaintiff has asserted various state and federal constitutional violations, he does not specify the state and federal statutes upon which he predicates his constitutional claims. Typically, such pleadings do not pass Rule 12(b)(6) muster; however, because Plaintiff is *pro se*, the Court construes Plaintiff as having asserted claims under 42 U.S.C. § 1983 and New Jersey Civil Rights Act ("NJCRA").

Before the Court can consider the merits of Plaintiff's claims, the Moving Defendants' assertion of sovereign immunity must first be addressed. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)("Sovereign immunity is jurisdictional in nature."). The Government and the Individual Defendants argue that they are immune from suit, and that none of the exceptions to immunity applies. In his lengthy response to the dismissal motions, Plaintiff does not address sovereign immunity. Rather, Plaintiff cites inapposite case law addressing this Court's subject matter jurisdiction in a general fashion. Plaintiff also insists that this Court lacks the authority to decide

---

[4] In this section of the Opinion, the Court will separately address whether the Government and the individual defendants, *i.e.*, MacGillivray, Catanzaro and Sessions (the "Individual Defendants"), are entitled to sovereign immunity. Then, I will discuss judicial immunity with respect to the claims asserted against Judge McNulty.

6

the Moving Defendants' motions to dismiss. Simply put, Plaintiff's arguments are non-responsive to the Moving Defendants' position on sovereign immunity.

First, the Court lacks subject matter jurisdiction over Plaintiff's § 1983 claims against the Government and official capacity claims against the Individual Defendants.[5] It is well-settled "that the United States of America may not be sued without its consent." *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see F.D.I.C.*, 510 U.S. at 475; *see United States v. Dalm*, 494 U.S. 596, 608 (1990). The consent "must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004)(citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). "Absent a waiver, sovereign immunity shields the Federal Government . . . ." *F.D.I.C.*, 510 U.S. at 475; *see Mierzwa v. U.S.*, 282 Fed. Appx. 973, 977 (3d Cir. 2008). Additionally, sovereign immunity extends to federal employees acting in their official capacity. *Webb v. Desan,* 250 Fed. Appx. 468, 471 (3d Cir. 2007). Importantly, neither the United States nor its agencies — and employees who act on behalf of those agencies — have waived sovereign immunity for constitutional claims under § 1983. *United States v. Testan*, 424 U.S. 392, 400-02 (1976). Accordingly, Plaintiff's claims against the Government and the Individual Defendants, in their official capacity, are dismissed with prejudice as they are entitled to sovereign immunity.

Next, to the extent Plaintiff asserts *Bivens* claims against the Individual Defendants, they are similarly dismissed for lack of subject matter jurisdiction. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

---

[5] Plaintiff's NJCRA claims are analyzed in tandem with his § 1983 claims, because it is well-settled that courts "construe[] the NJCRA in terms nearly identical to its federal government counterpart: Section 1983." *Chapman v. New Jersey.*, No. 08-4130, 2009 WL 2634888, at * 3 (D.N.J. Aug. 25, 2009).

7

States and must show that the alleged deprivation was committed by a person acting under the color of law." *Martin v. New Jersey*, No. 16-3449, 2017 WL 1025178, at *3 (D.N.J. Mar. 16, 2017) (quoting *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016)). "The federal corollary to § 1983 is *Bivens v. Six Unknown Fed. Narcotics* Agents, 403 U.S. 388, 397 (1971), which implies a cause of action for damages against federal agents who allegedly violated the Constitution." *McCrudden v. United States*, No. 14-3532, 2016 WL 1259965, at *2 (D.N.J. Mar. 31, 2016). A proper *Bivens* action cannot be brought against federal agencies, only federal agents. *Id.* Significantly, however, *Bivens* claims can only be brought against federal agents who have– in their *individual capacity*– allegedly violated the Constitution. *Bivens*, 403 U.S. at 397. In other words, *Bivens* actions do not permit plaintiffs to sue defendants who acted in their official capacity.

Here, as this Court has noted *supra*, Plaintiff is suing the Individual Defendants in their official capacity, not in their individual capacity. Indeed, Plaintiff's Complaint does not include any specific allegations connected to a defendant in his or her individual capacity. The Complaint, instead, only makes ambiguous and broad allegations against "named Defendants" asserting that they collectively, and generally, committed unconstitutional acts. Moreover, in his opposition, Plaintiff makes no reference to claims brought against the Individual Defendants in their individual capacity. As such, to the extent Plaintiff seeks to bring *Biven* claims against the Individual Defendants, they are dismissed.

Accordingly, the Government and the Individual Defendants are entitled to sovereign immunity, and Plaintiff's claims against them are dismissed with prejudice.[6] I turn, next, to the claims asserted against Judge McNulty.[7]

**B. Judicial Immunity**

It is well-established that judicial officers in the performance of their duties have absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Federal and state judges alike "will not be deprived of immunity because the action [they] took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)(holding that "judges of courts of superior or general jurisdiction are not liable [in] civil actions for their judicial acts, even when such acts are in excess of their

---

[6] Even if Plaintiff had brought *Bivens* claims against the Individual Defendants in their individual capacity, Plaintiff has failed to state such claims. In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v, Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983, "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held that a parallel right exists against federal officials). Here, Plaintiff's Complaint makes broad, general allegations of wrongful conduct taken by Defendants in the Tax Action. Plaintiff fails, however, to specifically aver any cognizable constitutional violation that Defendants have committed in that regard. In addition, Plaintiff fails to set forth the wrong committed personally by each defendant such that a deprivation of rights occurred. Rather, Plaintiff's Complaint contains precisely the type of claims subject to dismissal under *Iqbal* and *Twombly*.

[7] The Court notes that no counsel has entered an appearance on behalf of Judge McNulty. As such, I decide the judicial immunity issue *sua sponte*. *See, e.g.*, *McKnight v. Bryant*, No. 09-5128, 2009 WL 3681908, at *2 (D.N.J. Nov. 2, 2009) (*pro se* complaint alleged violations of § 1983 against a judge and the court *sua sponte* considered whether the doctrine of judicial immunity applied); *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (upholding district court's *sua sponte* dismissal of claim against a judge even when that judge did not so move - the plaintiff was given notice that other defendants were moving for dismissal and an opportunity to respond to those motions, there was no evidence of injury in the allegations against the judge, and it was clear the judge would have been shielded by judicial immunity).

jurisdiction . . .").  As such, judicial immunity cannot be overcome by allegations of bad faith or malice.  *See Mireles*, 502 U.S. at 11; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967).  Judicial immunity serves an important purpose in our democratic society and to the integrity of the judiciary; as such, immunity "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without the fear of consequences."  *Pierson*, 386 U.S. at 554 (quoting *Bradley*, 80 U.S. at 349 n. 16).

There are, however, two instances where judicial immunity does not apply.  First, a judge is not immune for actions, although considered judicial in nature, are taken in the complete absence of all jurisdiction. *See Stump*, 435 U.S. at 357-58.   Second, judges are not immune from liability for nonjudicial actions.  *See Forrester v. White*, 484 U.S. 219, 228 (1988).

Here, Plaintiff takes issue with various rulings made by Judge McNulty in the Tax Action; these rulings are indisputably judicial in nature.  Additionally, Plaintiff has not alleged any facts whatsoever suggesting that Judge McNulty engaged in conduct that would deprive him of judicial immunity.  In fact, Plaintiff does not direct any specific allegations at Judge McNulty.  Absent any allegations of wrongdoing outside of his judicial capacity, Judge McNulty simply acted within his role as a federal district judge, entitling him to judicial immunity.  Accordingly, Plaintiff's claims against Judge McNulty are dismissed with prejudice.

**IV. CONCLUSION**

For the foregoing reasons, the Moving Defendants' motions to dismiss for lack of subject matter jurisdiction are **GRANTED**, and furthermore, Plaintiff's claims against Judge McNulty are dismissed as the Judge is entitled to judicial immunity. As such, all of Plaintiff's motions filed after the removal of this case are **DENIED** as moot.


Dated: August 6, 2018
/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge